# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**JOSEPH R. KOSAKOWSKI, SUSAN KOSAKOWSKI,**

        **Plaintiffs,**

-vs-                                      Case No.  2:09-cv-803-FtM-29DNF

**HOMES LOAN SERVICING, INC., First Franklin Loan Services, Nanette Stevens, Managing Director, FIRST FRANKLIN NA, CEO Mark Malovos & CFO Vona Scott, DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee FFMLT Trust 2006-FF3,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       The Plaintiffs, Joseph R. Kosakowski and Susan Kosakowski brought this action against the Defendants, Home Loan Servicing, Inc., First Franklin Loan Services, Nanette Stevens, Managing Director, First Franklin NA, CEO Mark Malovos, and CFO Vona Scott.  The Plaintiffs allege in their Complaint (Doc. 1) that the Defendants have refused to respond to their "Qualified Written Request, Complaint, Dispute of Dept and Validation of Dept Letter, TILA Request" which is attached to the Complaint.  The Plaintiffs also claim the Defendants have restricted them from the identity of the holder of their mortgage note.

       On May 4, 2010, the Honorable John E. Steele, United States District Judge entered an Order to Show Cause (Doc. 5) which required the Plaintiffs to respond within fourteen (14) days as to why

the case should not be dismissed for failure to serve process. The Plaintiffs filed a Response (Doc. 6) on May 17, 2010, and on May 24, 2010, Judge Steele entered an Order (Doc. 7) which allowed the Plaintiffs an additional sixty (60) days in which to file proof of service. On August 9, 2010, Judge Steele entered an Order to Show Cause (Doc. 8) giving the Plaintiffs seven (7) days in which to show cause why the case should not be dismissed for failure to prosecute and failure to serve process. Judge Steele cautioned the Plaintiffs that if they did not show good cause, that the case would be dismissed. On August 24, 2010, Judge Steele entered an Order (Doc. 9) dismissing the case for failure to prosecute. On August 26, 2010, the Plaintiffs filed an Emergency Answer to Show Cause Order, and on September 8, 2010, Judge Steele entered an Order (Doc. 12) reopening the case, and giving the Plaintiffs an additional thirty (30) days in which to file proof of personal service. On October 5, 2010, the Plaintiffs filed a Request for Motion of Service (Doc. 13) asking that the Court appoint a process server or the U.S. Marshal's Service to serve the Complaint. This Court entered an Order on October 7, 2010, denying the request and gave the Plaintiffs forty-five (45) additional day to file proof of service. The Court cautioned the Plaintiffs that "[a]bsent good cause, no further extensions of time will be given, and this action may be dismissed for failure to affect service if no proof of service is filed within the time period allowed." (Doc. 14).

Pursuant to FED.R.CIV.P. 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or other that service be made within a specified time." "A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m). FED.R.CIV.P. 4(c)(1). Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint." *Lepone-Dempsey v. Carrol County*

*Commissioners*, 476 F.3d 1277, 1280-1281 (11th Cir. 2007). In the instant case, the Plaintiffs were required to serve the Defendants within 120 days of date that the Complaint was filed which was December 11, 2009. The Plaintiffs have been given many extensions of time to complete service and have failed to file proof of service. The Plaintiffs failed to ask for any further extensions and the time period allowed them has expired. The Plaintiffs have not shown good cause why they have not served the Defendants in this case.

Therefore, it is **RESPECTFULLY RECOMMENDED**;

That this action be dismissed without prejudice for failure to serve process.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __6th__ day of December, 2010.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record